UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COTTON COMMERCIAL USA INC** | : | **CIVIL ACTION NO. 21-CV-3506** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WORLD OF WHEELS INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Quash Plaintiff's Subpoena Duces Tecum filed by defendants World of Wheels, Inc. ("World of Wheels") and Nina Doherty (collectively, "defendants"). Doc. 12. Plaintiff Cotton Commercial USA Inc. ("Cotton Commercial") opposes the Motion. Doc. 15.

Having considered the arguments of the parties, the motion is **DENIED**.

### I.
#### BACKGROUND

This litigation involves a claim for damages filed by plaintiff against defendants for amounts allegedly due to Cotton Commercial after it provided remediation and construction services to World of Wheels for damage it sustained in Hurricanes Laura and Delta. Suit was filed by plaintiff on October 5, 2021. Doc. 1. On March 22, 2022, Cotton Commercial issued a Notice of Subpoena Duces Tecum to nonparty McLarens, Inc. ("McLarens"), the adjusting company responsible for inspecting defendants' property and adjusting their claim with their insurance company. Doc. 12, att. 1. The subpoena, issued pursuant to Federal Rule of Civil Procedure 45, sought documents and information which included:

1. Any and all records relating to damage to World of Wheels' properties as a result of Hurricane Laura and any subsequent repair of that damage.
2. Any and all records related to World of Wheels' properties, including but not limited to inspections, evaluations of losses, photographs, adjustments, insurance policies, insurance claims, estimates, and payments.
3. Any and all communications regarding damage to World of Wheels' properties as a result of Hurricane Laura and any subsequent repair of that damage
4. Any and all communications with World of Wheels or its owners/representatives, William "Billy" Doherty or Nina Doherty or involving the email vrodracing90@yahoo.com.

*Id*.

On March 30, 2022, defendants filed the instant Motion to Quash. Doc. 12. Defendants challenge the subpoenas as being overly broad and irrelevant to the present dispute. *Id*. Cotton Commercial replied, arguing that defendants have no standing to challenge a subpoena issued to a third-party and that the requested information is relevant to the parties' claims and defenses and proportional to the needs of the case. Doc. 15.

## II.
## LAW AND ANALYSIS

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from nonparties. That rule authorizes a court to quash or modify a subpoena if the court finds, following a timely motion, that (1) the subpoena fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits set forth in Rule 45(c); (3) requires disclosure of privileged or protected matter where no exception or waiver applies; or (4) subjects a person to undue burden. FED.R.CIV.P. 45(d)(3)(i)-(iv). The moving party bears the burden of proof. *Wiwa v. Royal Dutch Pretroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

An initial determination when considering a Motion to Quash is whether or to what extent the mover has standing to challenge the subpoenas that have been issued. *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). "A *party* . . . may

not seek to quash a subpoena directed to a third party when the party is not in possession of the materials subpoenaed and does not allege any personal right or privilege with respect to the materials subpoenaed because the party lacks standing." *Ruffin v. BP Expl. & Prod., Inc.* 2021 WL 4060975, at *3 (E.D. La. 2021) (emphasis in original). A party would have a right to seek a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery but generally lacks standing under Rule 45 to quash a third-party subpoena. *Bounds,* 314 F.R.D. at 218.

Defendants here have not alleged or proved they are in possession of or in control of the requested material, they are not the persons to whom the subpoena is issued, and they have neither alleged or proved any personal right or privilege in the subject matter of the subpoenas. Accordingly, defendants have failed to establish that they have standing to challenge the subpoenas at issue under Rule 45 and the motion to quash must be denied.

### III.
#### CONCLUSION

For reasons provided above, it is

**ORDERED** that plaintiffs' Motion to Quash be and it is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 12th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE