UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

COTTON COMMERCIAL USA INC : CIVIL ACTION NO. 21-CV-3506

VERSUS : JUDGE JAMES D. CAIN, JR.

WORLD OF WHEELS INC., ET AL : MAGISTRATE JUDGE KAY

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion to Compel filed by plaintiff Cotton Commercial USA Inc. ("Cotton"). Doc. 16.  Defendants World of Wheels, Inc. d/b/a Harley Davidson of Lake Charles ("World of Wheels") and Nina Doherty (collectively, "defendants") oppose the Motion. Doc. 23.

Having considered the arguments of the parties, the motion is **GRANTED in part** and **DENIED in part.**

## I.
### BACKGROUND

This litigation involves a claim for damages for amounts allegedly due to plaintiff Cotton for remediation and construction services it provided to World of Wheels after it sustained damage during Hurricane Laura. Doc. 1. In response, defendants filed a counterclaim alleging that the work performed by Cotton was of such poor quality that it would need to be redone and that the poor work and associated delays caused World of Wheels to suffer friction with Harley Davidson Inc. over their franchise agreement. Doc. 9, pp. 4-6.

On December 22, 2021, Cotton propounded discovery requests on defendants, which included interrogatories and related requests for production. Doc. 16, att. 3. Cotton seeks

information and documents related to World of Wheels' allegedly damaged buildings and property, which Cotton states would include insurance claim estimates and payments, any photos of Cotton's allegedly defective work, communications regarding the work and repairs, and other information to support defendants' claim of remedial repairs. Defendants forwarded their initial responses on February 11, 2022, which they supplemented twice thereafter. *Id*. at att. 6, pp. 2-6. In response, Cotton sent to defendants on two occasions a list detailing the deficiencies in their responses. Among other complaints that have since been resolved, Cotton stated that defendants had not adequately responded to its requests because they had failed to produce several categories of documents.

In filing this Motion to Compel, Cotton states that the responses received have been piecemeal and incomplete and moves to compel defendants to respond fully to written discovery by providing:

> A complete response from defendants, with a certification that production is complete and no other documents exist.
>
> Production of any receipts, estimates, proposals, or other documentation of any expenses incurred by defendants to repair, clean, or otherwise address alleged defective work by Cotton.
>
> Production of all insurance claim related documentation of defendants' property damage and financial losses claimed from Hurricanes Laura and Delta, including estimates, photographs, communications, financial records, and payment records.

Doc. 16. Cotton claims that, despite being asked about the outstanding discovery on several occasions, defendants have failed to produce it. It states that court intervention is necessary because defendants' responses have "trickled in," making it unclear whether defendants have more information to produce or whether discovery is complete. *Id*. at att. 2, p. 2. It claims that defendants' efforts to locate the sought information have not been reasonable or diligent and points to instances where discovery produced referred to other documentation such as receipts, invoices,

and plans that were never produced. *Id*. at pp. 4-5. Despite its complaints, Cotton does not direct this court in its motion or memorandum to the specific requests that encompass this information. Cotton also seeks attorney's fees and costs associated with bringing this motion, stating that defendants have no justification for failing to comply with their discovery obligations. *Id*. at p. 2.

In opposition, defendants responded that (1) some of the purportedly missing information was not requested in discovery and therefore their responses were not deficient; and (2) the remaining information sought was in fact produced.[1] Doc. 23, p. 1. They claim that they have produced every document sought that is in their possession and that when asked about any further documentation, they have informed plaintiffs' counsel that they have no additional responsive documents to provide. *Id*. at p. 4. Defendants contend that the duty to supplement discovery requires them to continue to turn over relevant discovery and they have continuously complied with that duty as evidenced by several supplements they have already made. *Id*. at p. 5. They argue that plaintiff's second category of discovery sought does not properly characterize what was actually requested. Defendants state that the requests targeted only information about *contractors* and because there were no contractors employed to perform work on the property, they have no contractor-related documentation to provide. *Id*. As to the final category, defendants claim that they initially objected to request for insurance information, but then "voluntarily" produced a copy of the insurance adjudgment, photos, videos, and an engineer's report. They do not offer any relevant argument as to why no other insurance information has been produced. *Id*. at p. 7. They claim that they provided documents related to "financial losses" after our denial of defendants' Motion to Quash [doc. 22] but provide no substantiation for this.  *Id*.

---

[1] Defendants also cite difficulty in obtaining discovery from plaintiff but this bears no relevance to the present dispute. *See* doc. 23, pp. 9-10.

In response, Cotton apparently identifies which specific requests are deficient and addresses each in turn. Doc. 24, pp. 2-6. Cotton reiterates its point that defendants must make a dutiful effort to produce information and may not improperly prolong the discovery process by supplementing their responses at their discretion. *Id*. at pp. 5-6.

## II.
## LAW AND ANALYSIS

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response should be treated as a failure to answer or respond. *Id*. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc*., 2016 WL 4265758, at *1 (E.D. Tex. 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. 2010)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id*.

Neither party disputes the discoverability of the requests; rather, the parties offer different interpretations of what constitutes full responses to the propounded discovery. Despite the lengthy version of events iterated by both parties, this dispute hinges on a very simple question: did defendants respond to the requests, and did they do so fully so as to comply with their duties? We address each disputed request, as identified by Cotton in reply, in turn.

**Interrogatory No. 3:**

        **Explain all measures taken by defendants to repair or mediate any allegedly unsatisfactory repairs r [sic] work performed by Cotton, including but not limited to any repair identified in your answer to Interrogatory No. 1.**

Doc. 16, att. 3, p. 6.  In response defendants listed each repair that was made by Billy Doherty[2] and actions taken by one other mentioned vendor. Doc.16, att. 10, p. 2. Plaintiff claims the response is deficient because no supporting documents were produced to substantiate any of the work done.[3] To the extent plaintiff claims that the response is deficient for these reasons, an interrogatory is not a proper tool for making a document request. *See* Fed. R. Civ. P. 33. Plaintiff seeks the documentation via a Rule 34 Request for Production, so this complaint is more properly addressed in relation to plaintiff's issues with defendants' production, discussed below. As it relates to this interrogatory, defendants' response is sufficient and the Motion to Compel is denied as it relates to this request.

**Interrogatory No. 5:**

        **Describe all amounts spent to mitigate or remediate the damage or repairs.**

        Defendants responded to this inquiry by stating that "no significant funds" have been expended. This indicates that at least some funds have been expended, even if they are alleged to be minimal. Defendants' response is deficient, and they are ordered to fully respond to this interrogatory and itemize any amounts spent.

---

[2] Throughout correspondence and briefing, the parties refer to Billy Doherty as "defendant." Billy Doherty has not been named in this action.

[3] Plaintiff's issues with this response appear to be grounded in defendants' delay in supplying it, not with the lack of response.

**Request for Production No. 1:**

> **Produce all documents reflecting damage to defendants' property, whether caused before or after Cotton performed work on the property**.

Plaintiff contends that this response seeks any insurance claim-related adjustment estimates, correspondence, reports, settlement statements, checks or other related documents. Plaintiff also references defendants' counterclaim which describes damages associated with a franchise agreement with Harley Davidson and states this request seeks any such writings from Harley Davidson to defendants about their franchise. In response to this request, defendants have produced an engineer's report, a copy of the insurance adjuster's estimate and copies of photos and videos. *See* doc. 16, att. 12.

Defendants' response is deficient. The information sought is relevant to the claims and counterclaims of the parties and defendants have failed to show why it should not be produced.[4] Defendants are ordered to produce any insurance claim related documentation of defendants' property damage and financial loses claimed during Hurricanes Laura and Delta, including estimates, photographs, financial records, communications, and payment records.

**Requests for Production No. 4-6 and Interrogatory No. 4.**

These requests seek information and documentation regarding "*contractors* other than Cotton" who have been brought in to work on the property.  Defendants have not produced any such information because they state that no contractors have been hired to work on the property. Review of the parties' arguments and exhibits reveals that the parties offer different interpretations of "contractor." Cotton's interpretation encompasses anyone that has done work on the property,

---

[4] Via email to plaintiff's counsel, defendants objected to producing the insurance claim and payment documents, stating that they are not relevant and unlikely to lead to other relevant or admissible evidence. Doc. 23, att. 6. However, defendants produced the insurance adjustment after such objection and defendants make no such argument in their opposition.

including defendants themselves and a "vendor" mentioned in an interrogatory response. Doc. 24, p. 5. Defendants claim that the request is limited only to "contractors," and since defendants have never brought in a contractor other than Cotton to work on the property, their response is sufficient. Doc. 23, pp. 8-9. Plaintiff argues that "the clear intent of this request is for documentation of the actual costs defendants claim to have incurred, which they now seek as damages from Cotton in their counterclaim." Doc. 24, p. 5.

The corresponding requests should not be given such a narrow and literal interpretation. Requests for production should not be interpreted "in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request." Fed. R. Civ. P. 37(a) 1993 Advisory Committee Note. Additionally, it is clear from the record that Cotton made clear to defendants the intent of its request and the court is uncertain why this issue, in addition to the others, could not be resolved at the parties' Rule 37 conference. Inherent in the discovery process is the necessity of cooperation among the parties.  The discovery that Cotton intended to seek is discoverable and relevant to the parties' claims and counterclaims.

Accordingly, defendants are ordered to identify anyone other than Cotton who has worked on the property and produce any documents, estimates, and receipts concerning remedial or repair work done by those persons. To the extent that defendants have no such documentation to produce, they are ordered to indicate as such in their supplemental response.

> ### Plaintiff's request for "[a] complete response from defendants, with a certification that production is complete and no other documents exist."

Plaintiff requests such an order in its motion, arguing that it is necessary because the nature of which defendants have produced information has left Cotton unable to determine whether defendants have further supplemental documentation to provide or whether they have produced all that they have. Doc. 16, att. 2, p. 7. Fed. R. Civ. P. 26 imposes a duty to provide answers which

are complete at that time and, upon further discovery, supplement such responses pursuant to Fed. R. Civ. P. 26(e). Defendants are reminded of this duty and their obligation to do so in a timely manner.

Accordingly, when providing their supplemental responses, defendants are to ensure that they are complete and accurate. If defendants do not have any responsive documents to produce, they are to expressly state this in their supplemental response.

**Plaintiff's Request for Attorney Fees**

Fed. R. Civ. P. 37(a)(5) generally mandates an award of attorney's fees and expenses to the prevailing party in a Motion to Compel. However, when the motion is granted in part and denied in part, as is the case here, the granting of expenses and fees is left to the court's discretion under Fed. R. Civ. P. 37(a)(5)(C). The court will not award expenses or fees in this case.

### III.
#### CONCLUSION

For reasons provided above, it is

**ORDERED** that plaintiffs' Motion to Compel is hereby **GRANTED in part** and **DENIED in part**.

Defendants are **ORDERED** to provide complete responses to Interrogatory Nos. 4 and 5 and Requests for Production Nos. 1, 4, 5, and 6 within 14 days of a ruling on this motion unless either party seeks review from the district court.  Any compliance with this order would be suspended upon review by the district court which would then order compliance at completion of review.

THUS DONE AND SIGNED in Chambers this 15th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE