UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COTTON COMMERCIAL USA INC. | : | DOCKET NO. 2:21-CV-03506 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| WORLD OF WHEELS INC., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Compel Discovery [doc. 44] filed by plaintiff Cotton Commercial USA Inc. In response to the motion, Clyde Johnson Contracting & Roofing Inc. informed the court that it does not oppose the motion. Doc. 46. The time for reply has passed, making the motion ripe for resolution. For reasons set forth below, the court finds that the motion should be **GRANTED**.

### I.
#### BACKGROUND

This lawsuit arises from defendants' alleged failure to pay plaintiff for goods and services plaintiff provided while repairing a motorcycle dealership. Doc. 1. Plaintiff claims it contracted out portions of the repair work to Clyde Johnson Contracting & Roofing, Inc. ("respondent"). Doc. 44, att. 2, p. 1. Respondent allegedly performed deficient work leading to its removal from the job and forcing plaintiff to hire replacement subcontractors. *Id.*

The instant motion concerns plaintiff's written discovery requests propounded upon respondent, which remain unanswered. Doc. 44. Specifically, plaintiff asks us to compel

respondent to fully respond to the outstanding discovery requests without objections other than privilege. Respondent does not oppose the motion. Doc. 46.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. FED. R. CIV. P. 37(a)(4). The party resisting discovery has the burden of proving that the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics America v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

In this case, respondent has not satisfied its burden in resisting the motion. In fact, respondent informed the court that it "is prepared to provide responses to the discovery in accordance with the proposed order" attached to the Motion to Compel [doc. 44, att. 5]. Doc. 46, p. 1. Respondent then asked the court to grant plaintiff's motion and to give it two weeks to respond to the discovery requests. *Id.* at pp. 1–2. Because respondent does not oppose the Motion to Compel but instead consents to it, we GRANT the motion as unopposed.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Discovery [doc. 44] be **GRANTED**. IT IS THUS ORDERED that Clyde Johnson Contracting & Roofing, Inc. provide full and complete responses to plaintiff's written discovery requests [doc. 44, att. 3] within 14 days of this order's filing.

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE